960 F.2d 146
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JOHN BROWN ENGINEERING LIMITED, Plaintiff-Appellant,
v.
HERMANN LUDWIG, INCORPORATED, Defendant-Appellee.
 No. 91-2231.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1992
Decided: April 15, 1992
 
 ARGUED: F. Patrick Hubbard, UNIVERSITY OF SOUTH CAROLINA SCHOOL OF LAW, Columbia, South Carolina, for Appellant. Anthony Joseph Pruzinsky, HILL, RIVKINS, LOESBERG, O'BRIEN, MULROY & HAYDEN, New York, New York, for Appellee. ON BRIEF: John Hughes Cooper, COOPER & RALEY, Charleston, South Carolina, for Appellant. D. A. Brockinton, Jr., BROCKINTON, BROCKINTON & KERR, Charleston, South Carolina, for Appellee.
 Before WIDENER and LUTTIG, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 John Brown Engineering, Ltd., ("John Brown") purchased heavy machinery from General Electric Company's Greenville, South Carolina, plant, and contracted with Hermann Ludwig, a freight forwarder, to arrange transport of the machinery to Clydebank, Scotland. Some of the equipment arrived in Clydebank in a damaged condition.
 
 
 2
 John Brown pursued claims against a goodly number of parties connected with this shipment, including Partenreederei M.S. "ANTJE," the vessel "OSPREY," its captain, Kestrel Shipping Ltd., the Carolina Shipping Company, and W. T. Mayfield Sons Trucking Company. Final settlement has been made with those parties.
 
 
 3
 Here, John Brown sued only Hermann Ludwig, Inc., alleging breach of contract and negligent performance of contract. Plaintiff charged that the freight forwarder failed to ensure proper packing of the machinery for transportation to Scotland; failed to select a proper vessel and crew for the carriage; failed to ensure the proper stowing and lashing of the machinery cargo aboard the vessel; and was otherwise negligent in the performance of the contract.
 
 
 4
 The matter was tried to the court over several days. The court, in a well reasoned opinion, found that Hermann Ludwig performed and fulfilled all of its duties pursuant to its freight forwarding contract with John Brown, and breached no duty of care. The court entered judgment for defendant Hermann Ludwig. We affirm.
 
 
 5
 Hermann Ludwig's duties as a freight forwarder were governed by the contract between the parties. The contract was never reduced to writing, and the trial court was left with the task of interpreting an oral contract. In light of their past dealings, both parties acknowledged that the contract provided more than routine services. Nevertheless, the district court correctly decided that John Brown had the burden of proving the terms of the contract by a preponderance of the evidence. The court carefully analyzed each contractual claim.
 
 
 6
 John Brown first claimed that Hermann Ludwig was responsible for export packing. The district court found, and we agree, that John Brown did not prove that such a contractual undertaking existed. John Brown's subjective expectations that Hermann Ludwig would be responsible for export packing were not adequately communicated to Hermann Ludwig; the only evidence that John Brown instructed Hermann Ludwig to perform export packing duties was a facsimile which was never actually sent to Hermann Ludwig. The defendant cannot be said to have contracted for a duty of which it was unaware. Evidence indicated, moreover, that John Brown understood the Daniels Construction Company to be primarily responsible for export packing. John Brown involved Hermann Ludwig in the task of providing containers for electronics, but the very fact that this responsibility had to be specifically delegated bespeaks an understanding that the primary packing responsibility lay elsewhere. Hermann Ludwig, furthermore, had no special expertise in export packing. We agree with the district court's conclusion that the plaintiff failed to prove that Hermann Ludwig undertook the primary responsibility for export packing, and we also agree that John Brown failed to prove that inadequate export packing caused the damage in transit.
 
 
 7
 As freight forwarder, Hermann Ludwig was responsible for retaining a carrier for the cargo from Charleston to Clydebank. Hermann Ludwig retained the Kestrel Shipping Company which in turn provided the vessel "OSPREY" to ship the goods to Scotland under the command of Captain Broehan. The evidence convincingly showed that the OSPREY, a heavy lift cargo vessel, was perfectly suited for the journey and that Captain Broehan had many years experience transporting heavy lift cargo. Captain Broehan acknowledged his ultimate responsibility for proper stowing and lashing of the cargo and maintained that the cargo in this case was securely lashed. His superior claims history is evidenced by the fact that the only claim registered against him is the damage to this cargo. Hermann Ludwig unquestionably provided a suitable vessel and a qualified captain and crew.
 
 
 8
 The OSPREY was booked on "full liner terms," meaning that the vessel's captain was responsible for loading the cargo. Nevertheless, John Brown alleges that Hermann Ludwig, the freight forwarder, breached a duty to supervise the loading of cargo. At trial there was conflicting evidence as to the duty of the freight forwarder to be present during the loading of cargo; based on the conflicting evidence, the district court reasonably concluded that no contractual duty existed. Also, John Brown presented no evidence that it requested that a Hermann Ludwig employee attend and supervise the loading. Neither the general duties of a freight forwarder nor the particulars of this contract were proven to include supervision of cargo loading.
 
 
 9
 John Brown, furthermore, provided no evidence that Hermann Ludwig was even aware of any cargo characteristics requiring special care. A freight forwarder has no affirmative duty to investigate special cargo sensitivities. See, e.g., Ward v. Baltimore Stevedoring Company, 437 F. Supp. 941 (E.D. Pa. 1977) (freight forwarder has no duty to investigate cargo to determine dangerousness).
 
 
 10
 Finally, John Brown presented no evidence that Captain Broehan's loading and stowage was inadequate. In the absence of such evidence, there is no basis to conclude that Hermann Ludwig's failure to supervise the loading caused the damage. John Brown failed to prove the existence of a duty to supervise the loading and failed to prove that the absence of supervision caused the damage. Having fulfilled all of its contractual obligations, Hermann Ludwig cannot be held liable for negligence alleged to have occurred during the performance of the contract. Plaintiff, nevertheless, contends that the parties' relationship imposed an extracontractual duty of due care based on the entire "undertaking." As the district court properly found, the defendant's undertaking was limited to its contractual duties which it adequately performed. Thus, the finding of no negligence was not clearly erroneous.
 
 
 11
 Having reviewed the record, we fully agree with the district court's interpretation of this freight forwarding contract, and for the aforementioned reasons, the district court opinion is
 
 
 12
 AFFIRMED.